tion of certain kinds of merchandise imported in definitely specified forms, and supply reason for plaintiff's position.

The protest in question is directed against the collector's classification of the present merchandise as coal-tar medicinals under paragraph 28, *supra*, and alleges that the imported products are drugs in capsules, one of the classes of merchandise provided for in said paragraph 23. That a justiciable issue has been formed therefrom is clear.

The conclusion makes it unnecessary to discuss additional points suggested by counsel for plaintiff in their brief.

The following, over the signature of MOLLISON, J., appeared on the face of the order denying motion to dismiss:

I do not concur in all of the reasons set forth in the memorandum signed by my colleagues accompanying this order, particularly with respect to that part of the same which refers to the case of *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, and the actions of the single circuit judges in this case. However, I am satisfied that the motion to dismiss should be denied, and with the foregoing reservations, I join in this order.

BEFORE THE FIRST DIVISION, APRIL 4, 1950

**No. 54180.**—Coro, Inc., et al. *v.* United States, protests 138803–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of combs similar in all material respects to those the subject of *United States* v. *Ignaz Strauss & Co., Inc.* (37 C. C. P. A. 48, C. A. D. 418), the claim of the plaintiffs was sustained.

**No. 54181.**—Jack Altmann & Co. et al. *v.* United States, protests 120776–K, etc. (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the miniature leather gloves the subject of *United States* v. *Ignaz Strauss & Co., Inc.* (37 C. C. P. A. 32, C. A. D. 415), the claim of the plaintiffs was sustained.

**No. 54182.**—The United Import Co. *v.* United States, protest 126841–K (San Francisco).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise is similar in all material respects to the miniature leather gloves the subject of *United States* v. *Ignaz Strauss & Co., Inc.* (37 C. C. P. A. 32, C. A. D. 415), the claim of the plaintiff was sustained.

**No. 54183.**—The Chapel Donner Corp. *v.* United States, protests 129932–K, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of rabbit hair similar in all material respects to that the subject of Abstract 53024, the claim of the plaintiff was sustained.

**No. 54184.**—I. Silverman *v.* United States, protest 140482–K (New York).

Opinion by MOLLISON, J.   It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

**No. 54185.**—J. A. Hunter Hardwood Corp. *v.* United States, protest 153957–K (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of sawed dagame lumber similar in all material respects to that the subject of *John A. Hunter Hardwood Corp.* v. *United States* (21 Cust. Ct. 139, C. D. 1143), the claim of the plaintiff was sustained.

**No. 54186.**—Polaks Frutal Works, Inc. *v.* United States, protest 151341–K (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of mandarin oil the same in all material respects as that the subject of *Fritzsche Bros., Inc.* v. *United States* (21 Cust. Ct. 90, C. D. 1134), the claim of the plaintiff was sustained.